**Electronically Filed
Intermediate Court of Appeals
30450
15-NOV-2011
08:54 AM**

NO. 30450

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

STATE OF HAWAIʻI, Plaintiff-Appellee, v.
SIAOSI FELEUNGA, Defendant-Appellant

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CR. NO. 09-1-1083)

SUMMARY DISPOSITION ORDER
(By: Foley, Presiding Judge, Fujise and Leonard, JJ.)

Defendant-Appellant Siaosi Feleunga (Feleunga) appeals from the March 22, 2010 judgment of the Circuit Court of the First Circuit (circuit court),[1] convicting Feleunga of: (1) Accident Involving Death or Serious Bodily Injury in violation of Hawaii Revised Statutes (HRS) § 291C-12 (2007 & Supp. 2010) (Accident charge); (2) Negligent Homicide in the Second Degree in violation of HRS § 707-703 (1993) (Negligent Homicide charge); and (3) Operating a Vehicle After License and Privilege have been Suspended or Revoked for Operating a Vehicle Under the Influence of an Intoxicant in violation of HRS § 291E-62 (2007 & Supp. 2008) (Driving While License Suspended charge). Pursuant to a plea agreement with the State of Hawaiʻi (State) and to which the circuit court agreed to be bound pursuant to Hawaiʻi Rules of

---

[1] The Honorable Karen S. S. Ahn presided.

Penal Procedure (HRPP) Rule 11(e)(1),[2] the circuit court sentenced Feleunga to concurrent terms of imprisonment of ten years, five years, and thirty days, respectively.[3] The circuit court also ordered Feleunga to pay restitution in the amount of $1,865 to the State Department of Human Services (DHS) for medical expenses and $5,106.57 in restitution to the victim's mother for funeral expenses, an assessment of $500 to the Neurotrauma Special Fund, and an assessment of no more than $500 to the DNA Registry Special Fund.

On appeal, Feleunga challenges his sentence of restitution on two grounds: (1) The circuit court erred when it ordered restitution despite having agreed to be bound by the terms of a plea agreement that did not provide for restitution in the underlying criminal case and (2) the legislature, by

---

[2] **Rule 11. Pleas**

. . . .

(e) Plea Agreement.

(1) In General. The prosecutor and counsel for the defendant, or the defendant when acting pro se, may enter into plea agreements that, upon the entering of a plea of guilty or nolo contendere to a charged offense or to an included or related offense, the prosecutor will take certain actions or adopt certain positions, including the dismissal of other charges and the recommending or not opposing of specific sentences or dispositions on the charge to which a plea was entered. The court may participate in discussions leading to such plea agreements and may agree to be bound thereby.

(Emphasis added.)

[3] Feleunga pleaded guilty to the offenses charged in the instant case, Cr. No. 09-1-1083, pursuant to a plea agreement that included charges in two other criminal cases. In the instant case, Feleunga agreed to concurrent sentences of ten years imprisonment for the Accident charge, five years imprisonment for the Negligent Homicide charge, and thirty days imprisonment for the Driving While License Suspended charge. Feleunga and the State agreed that there would be no waiver of the presentence investigation and report. The plea agreement did not mention any restitution payments to the victim's mother or DHS, although Feleunga points out that the plea agreement specifically provided for victim restitution in one of the other two cases. The Guilty Plea form signed by Feleunga in Cr. No. 09-1-1083 included the averment that, *inter alia*, he understood restitution and a fee and/or assessment could be imposed, but also indicated he was told the circuit court agreed to bind itself to the plea agreement pursuant to HRPP Rule 11.

2

mandating restitution through enactment of HRS § 706-646, violated the separation of powers doctrine insofar as it operated to impose restitution despite the terms of a plea agreement thereby invading "the province of the Courts to ensure protection of criminal defendants through its inherent power to regulate plea agreements."

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced, the issues raised by the parties, and the relevant statutory and case law, we resolve Feleunga's point of error as follows:

"The authority of a trial court to select and determine the severity of a penalty is normally undisturbed on review in the absence of an apparent abuse of discretion or unless applicable statutory or constitutional commands have not been observed." State v. Gaylord, 78 Hawai'i 127, 143-44, 890 P.2d 1167, 1183-84 (1995) (citation and internal quotation marks omitted). As the circuit court was statutorily required to order restitution to both the victim's mother and DHS, the circuit court did not abuse its discretion in ordering the restitution payments at issue in this case. HRS § 706-646 (Supp. 2010) ("[t]he court shall order the defendant to make restitution for reasonable and verified losses suffered by the victim or victims as a result of the defendant's offense when requested by the victim.") (emphasis added).[4]

---

[4] § 706-646. Victim restitution (1) As used in this section, "victim" includes any of the following:

    (a)    The direct victim of a crime including a business entity, trust, or governmental entity;

    (b)    If the victim dies as a result of the crime, a surviving relative of the victim as defined in chapter 351; or

    (c)    A governmental entity which has reimbursed the victim for losses arising as a result of the crime.

(continued...)

In the instant case, Feleunga does not dispute that the terms of HRS §706-646 were met. Rather, Feleunga appears to be arguing that the terms of his plea agreement prevented the application of this legislative mandate. However, nothing in Feleunga's plea agreement prohibits the imposition of restitution.[5] Compare State v. Costa, 64 Haw. 564, 566-67, 644 P.2d 1329, 1331-32 (1982) (prosecution did not breach plea agreement by seeking mandatory minimum term of imprisonment where

---

[4](...continued)

      (2)    The court shall order the defendant to make restitution for reasonable and verified losses suffered by the victim or victims as a result of the defendant's offense when requested by the victim. The court shall order restitution to be paid to the crime victim compensation commission in the event that the victim has been given an award for compensation under chapter 351. If the court orders payment of a fine in addition to restitution or a compensation fee, or both, the payment of restitution and compensation fee shall have priority over the payment of the fine, and payment of restitution shall have priority over payment of a compensation fee.

      (3)    In ordering restitution, the court shall not consider the defendant's financial ability to make restitution in determining the amount of restitution to order. The court, however, shall consider the defendant's financial ability to make restitution for the purpose of establishing the time and manner of payment. The court shall specify the time and manner in which restitution is to be paid. Restitution shall be a dollar amount that is sufficient to reimburse any victim fully for losses, including but not limited to:

      (a)    Full value of stolen or damaged property, as determined by replacement costs of like property, or the actual or estimated cost of repair, if repair is possible;

      (b)    Medical expenses; and

      (c)    Funeral and burial expenses incurred as a result of the crime.

      (4)    The restitution ordered shall not affect the right of a victim to recover under section 351-33 or in any manner provided by law; provided that any amount of restitution actually recovered by the victim under this section shall be deducted from any award under section 351-33.

[5]    Similarly, we note that Feleunga's plea agreement prohibits neither the Neurotrama Special Assessment or the DNA Registry Special Assessment also imposed as part of his sentence. Yet, Feleunga does not challenge these assessments.

4

agreement stated only that the prosecution agreed to seek a twenty-year maximum term and not life imprisonment), with State v. Abbott, 79 Hawaiʻi 317, 321, 901 P.2d 1296, 1300 (App. 1995) (breach by prosecution where requests, although not specifically prohibited by the agreement, was contrary to statute and thus not within the contemplation of the defendant).

As the circuit court was statutorily required to order restitution to both the victim's mother and DHS and the plea agreement did not explicitly exclude the imposition of restitution, the circuit court did not err in ordering the restitution payments at issue in this case.

As we do not read the plea agreement as precluding restitution in the underlying criminal case, we do not reach Feleunga's separation of powers argument.

Therefore,

IT IS HEREBY ORDERED that the March 22, 2010 Judgment of Conviction and Sentence of the Circuit Court of the First Circuit is affirmed.

DATED:  Honolulu, Hawaiʻi, November 15, 2011.

On the briefs:


Shawn A. Luiz,
for Defendant-Appellant.

Presiding Judge

Loren J. Thomas,
Deputy Prosecuting Attorney,
City and County of Honolulu,
for Plaintiff-Appellee.

Associate Judge


Associate Judge